**E-FILED on**    3/2/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON TIRADO,<br><br>      Plaintiffs,<br><br>      v.<br><br>US BANK NATIONAL ASSOCIATION AS A CALIFORNIA CORPORATION, FCI LENDER SERVICES Inc., AGENT, AS A CALIFORNIA CORPORATION, DSL SERVICE COMPANY, TRUSTEE, AS A CALIFORNIA CORPORATION,<br><br>And Does 1-10,<br><br>      Defendants. | No. 12-cv-00122-RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>**[Re Docket No. 16]** |

Plaintiff filed the instant action alleging claims related to the foreclosure of a residential property. Defendants moved to dismiss for failure to state a claim. Plaintiff did not oppose the motion, nor did he appear at oral argument. Having considered the papers submitted, and for the reasons set forth below, the court grants defendants' motion to dismiss without leave to amend.

## I. BACKGROUND

On June 13, 2007, plaintiff obtained a loan in the sum of $1,000,000 ("Subject Loan") secured by a deed of trust ("DOT") encumbering residential property in Saratoga, California ("Subject Property"). *See* Dkt. No. 17 (RJN), Ex. 1. The DOT identifies defendant Downey Savings

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND—No. 12-cv-00122-RMW
CVH

and Loan Association, F.A. ("Downey Savings") as the lender and beneficiary, defendant DSL Service Company ("DSL") as the trustee, and plaintiff as borrower. *See id*. On November 21, 2008, the Office of Thrift Supervision closed Downey Savings and appointed the Federal Deposit Insurance Corporation ("FDIC-R") as receiver for that financial institution. Concurrent with this appointment, defendant U.S. Bank acquired nearly all of Downey Savings' assets from the FDIC-R.[1]

Downey Savings sent a Notice of Intent to Foreclose to plaintiff on April 6, 2009. *See* Dkt. No. 1, Ex. 1 (compl). One week later, U.S. Bank sent plaintiff a letter stating, "This is to acknowledge receipt of your correspondence requesting assistance with your loan." *See id*. On May 11, 2009, plaintiff received a Notice of Default. *See id*. Subsequently, a Notice of Default and Election to Sell issued in connection with the DOT and was recorded on May 12, 2009 with the Santa Clara County Recorder's Office. *See* Dkt. No. 17 (RJN), Ex. 2. A Notice of Trustee's Sale ("NOTS") was recorded on August 18, 2009. *See* Dkt. No. 17 (RJN), Ex. 3. A second NOTS was recorded on December 6, 2010. *See id*., Ex. 4. According to the NOTS, the amount of the unpaid balance and other charges under the DOT was $1,153,215.93. *See id*.

The Subject Property was sold at a trustee's sale on January 4, 2011, and a Trustee's Deed Upon Sale ("TDUS") was recorded on January 14, 2011. *See id*., Ex. 5. The TDUS indicates that U.S. Bank, as successor in interest to the Federal Deposit Insurance Corporation as receiver for Downey Savings, took record title to the Subject Property. *See id*.

On December 21, 2010 plaintiff filed a pro se complaint in Santa Clara County Superior Court, Case No. 1-10-CV-190289, asserting seventeen different claims arising out of the foreclosure of the Subject Property. *See* Dkt. No. 17 (RJN), Ex. 6. The action was removed to the United States District Court for the Northern District of California, Case No. 5:11-CV-00322-EJD ("Previous Action"). *See* Dkt. No. 17 (RJN), Ex. 7. On January 28, 2011 defendants filed a motion to dismiss the complaint. *See id*. On April 11, 2011, and again on June 24, 2011, plaintiff filed a motion for leave to file amended complaint. *See id.* On June 29, 2011, the court denied plaintiff's motion for leave to file amended complaint. *See id.* On December 5, 2011, prior to the court's ruling on

---

[1] This information is taken from the FDIC-R's official website. The court takes judicial notice of the information contained on such websites pursuant to Fed. R. Evid. 201(b)(2). *See Higginbottom v. U.S. Bancorp*, No. 10-CV-04593-LHK, 2011 WL 1558681, at *3 n. 6 (N.D. Cal. Apr. 25, 2011) (taking judicial notice of information from the FDIC's official website).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND—No. 12-cv-00122-RMW
CVH    2

defendants' unopposed motion to dismiss, the parties agreed to a stipulated dismissal with prejudice ("Joint Stipulation"). *See* Dkt. No. 17 (RJN), Ex. 8. On December 5, 2011, the court executed an order dismissing the case. *See* Dkt. No. (RJN), Ex. 9.

Plaintiff, again proceeding pro se, filed the instant action, Case No. 111CV214226, on December 5, 2011 in San Jose Superior Court. *See* Dkt. No. 1, Ex. 1. The complaint seeks a Temporary Restraining Order preventing sale of the Subject Property, and essentially alleges claims for fraud and wrongful foreclosure. *See id*. The action was once again removed to the United States District Court for the Northern District of California, on January 6, 2012. *See id.* On January 27, 2012 defendants filed a motion to dismiss, along with a supporting request for judicial notice.[2] *See* Dkt. Nos. 16-17. Plaintiff filed no opposition.

## II. DISCUSSION

**Res Judicata**

Defendants first argue that the instant action is barred by res judicata. The defense of res judicata can be raised by a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records, of which the court takes notice." *Ezike v. Mittal,* No. C 08-1867 SBA, 2009 WL 506867, at *6 (N.D. Cal. Feb. 27, 2009) (quoting *Day v. Moscow,* 955 F. 2d. 807, 811 (2nd Cir. 1992); *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of res judicata because the district court did not consider any disputed facts); *MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of court documents, i.e., a motion to dismiss filed in a court action).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v.*

---

[2] Pursuant to defendant's request, the court takes judicial notice of the following documents: (1) the Deed of Trust, recorded on June 22, 2007; (2) the Notice of Default and Election to Sell, recorded on May 12, 2009; (3) the Notice of Trustee's Sale, recorded on August 18, 2009; (4) the Notice of Trustee's Sale, recorded on December 6, 2010; (5) the Trustee's Deed Upon Sale, recorded on January 14, 2011; (6) the civil complaint for Case No. 1-10-CV-190289, filed by plaintiff on or around December 21, 2010; (7) the docket for Case No. 5:11-CV-00322-EJD; (8) the Stipulation to Dismiss Complaint with Prejudice for Case No. 5:11-CV-00322-EJD, filed December 5, 2011; and (9) the Stipulation and Order to Dismiss Case with Prejudice for Case No. 5:11-CV-00322-EJD, executed and filed on December 6, 2011. *See, e.g.*, *Western Federal Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (courts may take judicial notice of publicly recorded documents, including deeds of trust and court filings).

*Glickman*, 123 F.3d 1189, 1192 (9th. Cir. 1997). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) (citing *Western Radio Servs.* Co., 123 F.3d at 1192).

      In this case, the parties to both the instant action and previous federal action are identical. In addition the court finds an identity of claims. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th. Cir. 1982)). Although the previous action alleged seventeen claims while the instant action alleges, in essence, only fraud and wrongful foreclosure, both actions "clearly arise from the same transactional nucleus of facts" as those asserted in the previous action. *Id*. Both sets of claims are predicated on the foreclosure of the Subject Property and allege misconduct by defendants related to either their issuance of the subject loan or the manner in which they attempted to serve notice of foreclosure. In fact, the argument that defendants have failed to show proof of standing was made verbatim in the previous action. Although the current action also alleges actual fraud, and wrongful foreclosure, these are "grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)). As defendants correctly note, "these claims all relate to the foreclosure proceedings on the same property at issue in the previous matter." *See* Dkt. No. 16.

      Additionally, none of the events underlying the instant claims took place after entry of judgment in the previous action. A claim arising after an entry of judgment is barred unless it is based on facts that occurred after the final judgment. *See Frank*, 216 F.3d 851 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)). In *Frank*, the court allowed additional Title VII claims asserted by the plaintiffs in a second action because they were based on continued policies of discrimination that remained in place after the initial entry of judgment. By contrast, plaintiff here

**United States District Court**
For the Northern District of California

1 filed the present action on December 5, 2011, the very day the stipulation order in the previous
2 action was signed, demonstrating that there is no new factual basis for plaintiff's claims.

3   Moreover, res judicata is appropriate although plaintiff now seeks a different remedy.
4 Plaintiff's present action seeks a temporary restraining order whereas the previous suit requested the
5 court to release security interests in plaintiff's property and award "treble damages." *See* Dkt. No. 17
6 (RJN), Ex. 6. Res judicata bars plaintiff's claim "even though plaintiff is prepared in the second
7 action to seek remedies or forms of relief not demanded in the first action." Restatement (Second) of
8 Judgments § 24 (1982); *see also Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th
9 Cir. 1995). In *Codispoti*, the court barred a second claim seeking treble damages under RICO for the
10 same conduct that had prompted an earlier action seeking an injunction. The court is faced with
11 almost the same situation here. Plaintiff has filed a second action that seeks a different form of relief
12 based upon the same foreclosure proceedings, the same loan, and the same conduct on behalf of
13 defendants. Because the claims and form of remedy in the present action could have been raised in
14 the earlier action, res judicata bars plaintiff's case.

15   Lastly, the stipulation, signed by both plaintiff and defendants, followed by the dismissal
16 with prejudice constitutes a valid final judgment on the merits for purposes of res judicata. Fed. R.
17 Civ. P 41 (a)(1)(B) (stipulation of dismissal "operates as an adjudication on the merits");
18 *Headwaters, Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005); (citing *Concha v.*
19 *London*, 62 F.3d 1493, 1507-08 (9th Cir. 1995) ("We have held that a stipulated dismissal of an
20 action with prejudice in a federal district court generally constitutes a final judgment on the merits
21 and precludes a party from reasserting the same claims in a subsequent action in the same court.").

22   Accordingly, because the complaint is barred by res judicata, defendants' motion to dismiss
23 is granted. Given that any amendment would be futile because plaintiff's complaint clearly arises
24 from the same nucleus of facts as the previous action, dismissal is granted without leave to amend.

### III.  ORDER

26   For the foregoing reasons, the court grants defendants' motion to dismiss without leave to
27 amend. The clerk shall close the file.

28

DATED: March 2, 2012

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge